Matter of Jieying Pan v Yingying Chen

2026 NY Slip Op 02657

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jieying Pan, appellant,

v

Yingying Chen, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2025-03136, (Docket No. O-25214-23)

Francesca E. Connolly, J.P.

Linda Christopher

Barry E. Warhit

Donna-Marie E. Golia, JJ.

Helene Bernstein, Brooklyn, NY, for appellant.

Thomas R. Villecco, New York, NY, for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Gregory L. Gliedman, J.), dated January 27, 2025. The order granted the respondent's unopposed motion to dismiss the petition for lack of subject matter jurisdiction.

ORDERED that the appeal is dismissed, with costs.

In December 2023, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against the respondent, who was her landlord and roommate. The respondent thereafter moved, inter alia, pursuant to Family Court Act § 812(1)(e) to dismiss the petition for lack of subject matter jurisdiction on the ground that the parties did not have an intimate relationship within the meaning of Family Court Act § 812(1)(e). In an order dated January 27, 2025, the Family Court granted the unopposed motion and dismissed the petition. The petitioner appeals.

No appeal lies from an order entered upon the default of the appealing party (see CPLR 5511). The proper procedure for obtaining review of an order entered on default is to move to vacate the default and, if necessary, appeal from the order deciding that motion (see Matter of Louissaint v Williams, 235 AD3d 873, 873; U.S. Bank N.A. v Tenenbaum, 228 AD3d 701, 701).

Here, the appeal must be dismissed, as the order appealed from was entered upon the petitioner's default (see CPLR 5511; Matter of Louissaint v Williams, 235 AD3d at 873; Matter of Ramirez v Colon, 225 AD3d 704, 705).

CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court